# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| D. Randolph Whitt, | ) |
|                   Plaintiff, | ) C/A No. 3:17-1753-MBS |
| v. | ) |
| Seterus, Inc. and Federal National Mortgage Association, | ) **ORDER AND OPINION** |
|                   Defendants. | ) |

Plaintiff D. Randolph Whitt filed a lawsuit against his loan servicer, Defendant Seterus, Inc. and mortgage loan company, Defendant Federal National Mortgage Associate ("Fannie Mae") (hereinafter collectively referred to as "Defendants"), in Lexington County, South Carolina. Plaintiff alleges that during the pendency of a loan modification Defendants pursued a foreclosure action against Plaintiff's property. Plaintiff asserts causes of action for a class action, Rule 23, South Carolina Rules of Civil Procedure (First Cause of Action); Breach of Contract, Covenant of Good Faith and Fair Dealing (Second Cause of Action); Civil Conspiracy (Third Cause of Action); violation of S.C. Code. Ann. § 29-3-630, which requires debt secured must be established before sale by mortgagee (Fourth Cause of Action); Dual Tracking (Fifth Cause of Action). Plaintiff sues for compensatory and punitive damages. ECF No. 1. On July 5, 2017, Defendants removed this action to this court pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction. This matter is now before the court on Defendants' motion to dismiss and motion to strike class allegations pursuant to Fed. R. Civ. P. 12(b) and 12(f) filed on July 13, 2017, ECF No. 7, and Plaintiff's motion to remand filed on July 31, 2017. ECF No. 11.

# I. RELEVANT FACTS AND PROCEDURAL HISTORY

On or about August 1, 2014, Defendant Fannie Mae brought a foreclosure action in the Court of Common Pleas, Lexington County, South Carolina, against Plaintiff based on nonpayment of a Note.[1] Case No. 2014-CP-32-02795 (hereinafter the "Foreclosure Action"). Plaintiff subsequently filed an amended answer and counterclaims in the Foreclosure Action on or about March 27, 2015, asserting: (1) Breach of Contract/Breach of the Duty of Good Faith and Fair Dealing; and (2) Dual Tracking in violation of the Consumer Financial Protection Bureau.[2] Case No. 2014-CP-32-02795. On December 10, 2015, Defendant Fannie Mae filed a motion for summary judgment in the Foreclosure Action that was granted on April 29, 2016 by Special Referee Lisa Lee Smith (hereinafter "Special Referee"). *Id.*

On June 1, 2016, Plaintiff filed a separate lawsuit against Defendants in the Court of Common Pleas, Lexington County, South Carolina.[3] Case No. 2016-CP-32-01960. Defendants removed the case to federal court on July 5, 2016. *Whitt v. Seterus, Inc.*, C/A No. 3:16-2422-MBS

---

[1] Defendant Seterus, Inc. is not a party to the Foreclosure Action. The court may take judicial notice of records from the state Foreclosure Action. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1236 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal jurisdiction system, if those proceedings have a direct relation to matters at issue.")).

[2] The Foreclosure Action trial was postponed pending resolution of a motion for jury trial filed by Plaintiff. The motion for jury trial was denied by the Special Referee on November 22, 2017, on the basis that an action to foreclose a mortgage is an action in equity and there is no common law right to a jury trial. On December 21, 2017, Plaintiff filed a Notice of Appeal in the South Carolina Court of Appeals concerning the denial for a jury trial. To date, the Foreclosure Action remains on "appeal status" on the Lexington County's electronic judicial index.

[3] On the same day, Plaintiff filed a motion to vacate the Special Referee's order and judgment of foreclosure sale. 2014-CP-32-02795, Order to Vacate and Reschedule. The Special Referee held a hearing, and vacated her April foreclosure order on August 1, 2016. *Id.* The Special Referee also allowed for a re-hearing of Fannie Mae's motion for summary judgment, which was held on November 16, 2016. *Id.* at 4. On November 28, 2016, by the parties' consent an order was issued allowing additional time for submission of supplemental materials for the motion for summary judgment. 2014-CP-32-02795, Order Allowing Supplemental Materials.

(hereinafter "Whitt I"). Plaintiff alleged that Defendant Seterus, Inc., acting as a loan servicer and agent for Defendant Fannie Mae, offered a modification of the mortgage loan on February 18, 2016, during the pendency of the foreclosure suit. ECF No. 1-1 at 5. Plaintiff further alleged that he was denied a loan modification on May 9, 2016, and that between February 18, 2016 and May 9, 2016, "Defendants (i) scheduled a foreclosure hearing, (ii) attended a foreclosure hearing and presented evidence, (iii) submitted a judgment of foreclosure, (iv) filed a judgment for foreclosure after signature by the judge, and (v) scheduled a foreclosure sale." *Id*. Plaintiff also alleged that Defendants held a foreclosure hearing without proper notice to Plaintiff. *Id*.

According to Plaintiff, "the pursuit of the foreclosure during the pendency of the loan modification was *prima facie* evidence of improper 'dual tracking' by Defendants." *Id*. at 5. Plaintiff also argued that Defendants participated in the conduct set forth in the complaint with other residents in South Carolina. *Id*. at 6. As a result, Plaintiff alleged that the proposed class action would be composed of "all persons (i) whose properties were foreclosed upon, during the pendency of Defendants' sham Loan Modification offers, while the defendants were pursuing a Foreclosure action, and persons (ii) who received improper Notice of Foreclosure Hearings." *Id*.

On March 16, 2017, this court issued an order dismissing Plaintiff's complaint based on the Younger abstention doctrine.[4] Whitt I, ECF No. 33 at 5. The court found that Plaintiff's Foreclosure Action was an ongoing state proceeding and noted that foreclosure actions call into question important state issues, where state courts serve as the best venue for adjudication. *Id*. at 5-6. As a result, Defendants' motion to dismiss was granted without prejudice and Defendants' motion to strike class allegations was denied as moot. *Id*.

---

[4] *Younger v. Harris*, 401 U.S. 37 (1971).

The Special Referee issued an order in the Foreclosure Action on April 10, 2017, granting in part and denying in part Fannie Mae's motion for summary judgment. 2014-CP-32-02795, Order Regarding Motion for Summary Judgment. A hearing was scheduled for June 6, 2017, as to the remaining issues in dispute, but was adjourned by mutual consent for 60 days. The instant action was commenced in state court on June 1, 2017 and was removed by Defendants to this court on July 5, 2017.[5] Whitt v. Seterus, Inc., C/A No. 3:17-1753-MBS (hereinafter the "Whitt II"), ECF No. 1.

On July 13, 2017, Defendants filed a motion to dismiss for failure to state a claim and a motion to strike class allegations. ECF No. 7. Defendants argue that the court should again rely on the abstention doctrine to dismiss Plaintiff's complaint. ECF No. 7-1 at 4. Defendants assert that the Foreclosure Action is still pending in state court and trial was scheduled for August 2017. *Id*. With respect to the class action, Defendants argue that Plaintiff's proposed class does not meet the requirements of Fed. R. Civ. P. 23(a) and further contend that the "proposed class is not ascertainable under any circumstances, and must be dismissed." ECF No. 7-1 at 10. In response, Plaintiff argues that Defendants' motions have been ruled on by the court's prior order and therefore are barred by the doctrine of res judicata. ECF No. 10. Defendants filed a reply alleging that Plaintiff incorrectly applied the res judicata doctrine to the removal process. ECF No. 12 at 2.

On July 31, 2017, Plaintiff filed a motion to remand, contending that Defendants are barred by the doctrine of res judicata and cannot bring the action to federal court. ECF No. 11 at 2. Plaintiff argues that the issue of federal jurisdiction has been "conclusively and finally determined"

---

[5] Plaintiff's allegations are similar to the Whitt I complaint that was ultimately dismissed by this court on March 16, 2017. Case No. 3:16-cv-2422-MBS. A comparison of Plaintiff's complaints in Whitt I and Whitt II indicates that Plaintiff's new complaint omits prior references to CFPB regulations and includes a cause of action for violation of S.C. Code § 29-3-630 on establishing debts before sale by mortgagee.

and thus the court cannot re-litigate this question. *Id*. On August 14, 2017, Defendants filed a reply requesting that the court reach the merits of Plaintiff's complaint and dismiss with prejudice. ECF No. 14 at 8.

## II. LEGAL STANDARDS

### A. Diversity Jurisdiction

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant is permitted to remove a case to federal court if the court would have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or the value of $75,000 and is between citizens of different states." 28 U.S.C. § 1332(a). In cases in which the district court's jurisdiction is based on diversity of citizenship, the burden of establishing federal jurisdiction rests upon the party seeking removal. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing cases based on diversity jurisdiction, the party invoking federal jurisdiction must allege same in their notice of removal and when challenged demonstrate basis for jurisdiction); *Mulcahey v. Columbia Organic Chem. Co. Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (holding that the burden is on the removing defendant to establish subject matter jurisdiction). "Because courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court." *Messex v. Quicken Loans, Inc.*, C/A No. 2:15-cv-04773-JMC, 2016 WL 3597597, at *2 (D.S.C. July 5, 2016); *See also Mulcahey*, 29 F.3d at 151 (holding that "if federal jurisdiction is doubtful, a remand is necessary").

### B. Motion to Remand

Removal from and remand to state court are governed by 28 U.S.C. §§ 1441 and 1447. Under section 1441, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441. Federal law also requires that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

### C. Motion to Dismiss

A Rule12 (b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 455,489 (4th Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id*. at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id*. To determine plausibility, a court is to "draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but it has not 'show[n]'---'that the pleader is entitled to relief." *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

The first question is whether the court has jurisdiction to hear this case. The court finds it has subject matter jurisdiction over Plaintiff's claims for damages on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] "District courts ordinarily have a strict duty to exercise the jurisdiction that is conferred on them by Congress." *Myles Lumber Co. v. CAN Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000). Defendants contend the court should dismiss the action on abstention grounds because there is an ongoing foreclosure proceeding in state court. ECF No. 7-1 at 4. "[A]bstention from exercise of federal jurisdiction is the exception, not the rule. The obligation to hear cases properly before the district court is virtually unflagging." *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 251 (4th Cir. 1993). Thus, "[a]bstention may be justified only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Forst*, 4 F.3d at 251.

"The Supreme Court has identified various circumstances where abstention may be warranted." *See Ackerman v. ExxonMobile Corp.*, 734 F.3d 237, 249 (4th Cir. 2013). The Fourth Circuit has found that abstention is appropriate if the following three-part test declared in *Younger v. Harris,* 401 U.S. 37 (1971) is met: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Thus, "[p]roceedings necessary for the vindication of important state policies or for the functioning of

---

[6] The court also previously held in Whitt I that removal was proper and denied Plaintiff's motion to remand on December 14, 2016. Whitt I, ECF No. 21.

the state judicial system also evidence the state's substantial interest in the litigation." *Middlesex,* 457 U.S. at 432. There is also an important state interest in adjudicating foreclosure matters pertaining to real property located within the state. *See Shaffer v. Heitner*, 433 U.S. 186, 208 (1977). "The State's strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property would also support jurisdiction, as would the likelihood that important records and witnesses will be found in the State." *Id*.

However, when applying abstention principles to a case, the Supreme Court in *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706 (1996), clarified that a federal court can stay an action for damages based on abstention principles, but cannot dismiss or remand the action. "The Fourth Circuit has strictly adhered to *Quackenbush*, consistently ruled that a district court applying abstention principles can only stay – not dismiss or remand – an action for monetary damages, and found reversible error where a district court dismissed or remanded actions or claims for damages." *Ashley v. Rushmore Loan Mgmt. Serv.*, C/A No. 4:16-cv-01969-RBH, 2017 WL 1135294, at*3 (D.S.C. Mar. 27, 2017) (including *Niven v. Gilchrist*, 444 F.3d 237, 247-48 (4th Cir. 2006)); *Beam v. Tatum*, 299 F. App'x 243, 244-48 (4th Cir. 2008); *Johnson v. City of Chesapeake*, 205 F.3d 1333 (4th Cir. 2000) (noting that *Quackenbush* "[p]ermitted federal courts applying abstention principles in damages action to enter a stay, but we have not permitted them to dismiss the action altogether"); *Johnson v. Collins Entm't Co. Inc.*, 199 F.3d 710, 727 (4th Cir. 1999) (noting that federal courts "can support only a stay, not the outright dismiss or remand, of a damages action")).

After reviewing Plaintiff's complaint in the instant action, the court finds that Plaintiff seeks monetary damages on all causes of action and does not seek equitable or declaratory relief

against Defendants. *See* ECF No. 1-1 at 15-16 (Prayer for Relief). Based on the language of *Quackenbush*, the court must deny Defendants' motion to the extent it seeks dismissal based on the abstention doctrine. *See I-77 Properties, LLC v. Fairfield County*, 288 F. App'x 108, 111 (4th Cir. 2008) (holding that the district court did not err by dismissing claims for equitable relief and staying claims for damages).

The next question is whether the court should stay this action. Although the parties have not moved for a stay, the court may raise this issue sua sponte. *See Maryland v. Universal Elections*, 729 F.3d 370, 379 (4th Cir. 2013) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The court finds that proceedings in this case would result in simultaneous litigation of the same issues and might interfere with the state foreclosure proceeding. Further, a determination by the state court concerning the Foreclosure Action would be binding on this court and can preclude Plaintiff from asserting the same claims. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). For these reasons, the court will exercise its discretion and stay proceedings in this action, pending conclusion of the state Foreclosure Action.[7]

## IV. CONCLUSION

Based on the foregoing, the court denies Defendants' motion to dismiss, for failure to state a claim, with leave to refile such motion at a later date. ECF No. 7. Defendants' motion to strike is rendered moot. ECF No. 7. Plaintiff's motion to remand is denied as the court has subject matter

---

[7] The court notes that it improvidently dismissed Whitt I in light of *Quackenbush*.

9

jurisdiction over this action. ECF No. 11. The parties shall submit a status report within six months or at the time the underlying action is resolved, whichever is earlier.

**IT IS SO ORDERED**.

    /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: February 28, 2018