IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| D. Randolph Whitt, ) | |
| ) | |
| Plaintiff, ) | C/A No. 3:17-cv-1753-MBS |
| ) | |
| v. ) | |
| ) | |
| Seterus, Inc. and Federal National ) | OPINION & ORDER |
| Mortgage Association, ) | |
| ) | |
| Defendants. ) | |

Plaintiff D. Randolph Whitt filed a lawsuit against his loan servicer, Defendant Seterus, Inc., and mortgage loan company, Defendant Federal National Mortgage Associate ("Fannie Mae") (hereinafter collectively referred to as "Defendants"), alleging that during the pendency of a loan modification Defendants pursued a foreclosure action against Plaintiff's property (hereinafter the "Foreclosure Action"). ECF No. 1. In an order entered on February 28, 2018 (the "February order"), the court denied Defendant's motion to dismiss for failure to state a claim; rendered moot Defendant's motion to strike; denied Plaintiff's motion to remand; and stayed the action based on *Younger*[1] abstention principles. ECF No. 17. This matter is now before the court on Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) filed on March 12, 2018, ECF No. 19, to which Defendants filed an opposition on March 26, 2018, ECF 20, and Plaintiff filed a reply on April 2, 2018, ECF No. 21.

I. STATEMENT OF THE CASE

A detailed recitation of this matter's relevant factual and procedural background can be found in the February order. ECF No. 17. Summarily, this case involves Plaintiff's claim that

---
[1] *Younger v. Harris*, 401 U.S. 37 (1971).

1

Defendant Seterus, Inc., acting as a loan servicer and agent for Defendant Fannie Mae, offered Plaintiff a loan modification on February 18, 2016, which was denied on May 9, 2016. ECF No. 1-1, Coml ¶¶ 8, 10. Plaintiff alleges that between February 18, 2016, and May 9, 2016, Defendants pursued a Foreclosure Action against Plaintiff, while his loan modification was pending. *Id*. ¶ 10. In response to the Foreclosure Action, Plaintiff filed two separate actions against Defendants in the Court of Common Pleas, Lexington County, South Carolina, in 2016 (Case No. 2016-CP-32-01960) (hereinafter "Whitt I"), and in 2017 (Case No. 2017-CP-32-01939) (hereinafter "Whitt II"). Defendants removed both Whitt I and Whitt II to this court. *See* Case No. 3:16-cv-2422-MBS, Case No. 3:17-cv-1753-MBS. In Whitt I, this court dismissed the action based on abstention principles because foreclosure actions call into question important state issues, where the state court serves as the best venue for adjudication. *See* Whitt I, ECF No. 33.

In the instant case Whitt II, the court observed that the Foreclosure Action was still pending in the Court of Common Pleas, Lexington County, South Carolina.[2] The court determined that proceedings in this case would result in simultaneous litigation of the same issues and might interfere with the state Foreclosure Action. *See* February Order, ECF No. 17 at 9. For these reasons, the court exercised its discretion and stayed proceedings in this action pending resolution of the state court Foreclosure Action. The court also noted that it improvidently dismissed Whitt I, in light of *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706 (1996), which clarified that federal courts can stay an action for damages based on abstention principles, but cannot dismiss or

---

[2] The Foreclosure Action's trial was postponed pending resolution of a motion for jury trial filed by Plaintiff. The motion for jury trial was denied by the Special Referee on November 22, 2017, on the basis that an action to foreclose a mortgage is an action in equity and there is no common law right to a jury trial. On December 21, 2017, Plaintiff filed a Notice of Appeal in the South Carolina Court of Appeals concerning the denial for a jury trial. As of May 2018, the Foreclosure Action remains on "appeal status" on the Lexington County's electronic judicial index.

remand the action. ECF No. 17 at 9. Accordingly, the court denied Defendant's motion to dismiss with leave to refile at a later date and denied Plaintiff's motion to remand as the court had subject matter jurisdiction on the basis of diversity jurisdiction. *Id*. The court also directed the parties to submit a status report within six months or at the time the Foreclosure Action is resolved, whichever is earlier. *Id*. at 10.

## II. LEGAL STANDARD

Fed. R. Civ. P. 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Thus, the rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Pac. Ins. Co.,* 148 F.3d at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 143 F.3d at 403. "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id*.

## III. DISCUSSION

Plaintiff asserts that the court should reconsider the February order to correct a clear error of law or prevent manifest injustice. ECF No. 19. Plaintiff seeks reconsideration on two grounds. *Id*. First, Plaintiff asserts that the court overlooked the *res judicata* implications of this court's prior dismissal in Whitt I. *Id*. Plaintiff asserts that the issue of federal jurisdiction was conclusively and finally determined in Whitt I, and that this court lacks subject matter jurisdiction to consider this jurisdictional issue in Whitt II. *Id*. at 2. As evidence Plaintiff cites to the parties responses at a motion hearing in Whitt I held on February 23, 2017. *Id*. at 2. Plaintiff asserts that during the hearing, "Defendants remained silent on the issue of diversity [jurisdiction], although Defendant's counsel could have raised that issue." *Id*. at 3 n.1. Therefore, Plaintiff argues that "Defendants having failed to raise the issue in Whitt I, Defendants are now barred from raising the issue again, in Whitt II, as has been attempted." *Id*.

Second, Plaintiff argues that dismissal of Whitt I was not improvidently granted. ECF No. 19 at 3. Plaintiff argues that the final judgment in Whitt I is "being abrogated based on second thoughts outside the context of a timely appeal." *Id*. As such, Plaintiff argues that "the prior judgment [Whitt I] is binding on the parties, and subsequent characterization of that judgment as having been improvidently entered does not lessen its binding effect." *Id*.

### A. Defendant's Opposition to Plaintiff's Motion for Reconsideration

In opposition to Plaintiff's motion, Defendants assert that Plaintiff's motion is meritless. ECF No 20 at 2. Defendants argue that "Plaintiff's motion to remand presented the fallacious argument of *res judicata* as barring subject matter jurisdiction, and the court correctly rejected the argument when it summarily denied Plaintiff's motion to remand." *Id*. Defendants assert that "*res judicata* has no application to the court's subject matter jurisdiction over this case." *Id*. Defendants

further noted that "nothing about *res judicata* applies to the action of removal – *res judicata* is a specific type of claim preclusion that applies against Plaintiffs that file duplicitous litigation, like that filed here by Plaintiff." *Id*.

Moreover, Defendants argue that even if Plaintiff meant to rely on the theory of collateral estoppel, "collateral estoppel does not assist Plaintiff here, because the court did not find Defendants' removal of the prior action improper." *Id*. at 2-3. Defendants argue that they "[w]ere not the "loser" of a prior motion on jurisdiction, so collateral estoppel does not bar them from asserting that the court has subject matter jurisdiction over this case based on diversity." *Id*. at 3. Defendants further clarified that the motion hearing in Whitt I, was not before the court on Plaintiff's motion to remand, but on Defendants' motion to dismiss. *Id*. Therefore, "Plaintiff's contention that the oral argument was about subject matter jurisdiction and remand, is incorrect as a matter of fact and demonstrably false, as the court's order granting Defendants' motion to dismiss had no reference to subject matter jurisdiction." *Id*. at 3. As such, Defendants request that the court deny Plaintiff's motion for reconsideration because neither *res judicata* nor collateral estoppel applies. *Id*. at 4.

**B. Plaintiff's reply**

In Plaintiff's reply, Plaintiff argues that "Defendants concede that a motion for reconsideration is an appropriate vehicle to correct a clear error of law or to prevent a manifest injustice." ECF No. 21 at 2. Plaintiff argues that "neither the parties, nor the claims, nor the legal theories, have changed since this court's ruling [in Whitt I]." *Id*. at 2. Plaintiff contends that "it would be a clear error of law and manifest injustice for this court to reach the exactly opposite conclusion by allowing what is fundamentally an untimely appeal of [Whitt I]." *Id*.

## C. Court's Analysis

Before discussing Plaintiff's motion for reconsideration, the court finds it necessary to clarify the basis in Whitt I and Whitt II for subject matter jurisdiction. In Whitt I, the court had federal question jurisdiction based on Plaintiff's claim for violations of the Consumer Financial Protection Bureau regulations (hereinafter "CFPB") and supplemental jurisdiction over the state law claims. *See* Whitt I, ECF No. 21 at 4. In the instant case Whitt II, the court concluded that it had subject matter jurisdiction on the basis of diversity jurisdiction.[3] *See* Whitt II, ECF No. 17.

The issue before the court on Plaintiff's motion for reconsideration is the effect of dismissing Whitt I and whether the doctrine of *res judicata* barred subject matter jurisdiction in Whitt II. Under the doctrine of *res judicata*, a claim is barred when three elements are met: (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction; (2) the parties are identical, or in privity, in the two actions; and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citing *In re Varat Enters.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). However, the doctrine of *res judicata* does not apply if abstention principles provided the rationale for the dismissal of the first action. *See Record Club of America v. Credit Servs.*, 697 F. Supp. 1280, 1281 (S.D.N.Y. 1988) ("If abstention was the basis of the first dismissal, that determination would not have *res judicata* effect."); *Dema v. Illinois*, 546 F.2d 224, 226 (7th Cir. 1976) (rejecting assertion that district court's dismissal based on abstention principle was made on the merits). Accordingly, the court finds that, since Whitt I was dismissed on *Younger* abstention principles, there is no *res judicata* effect on Whitt II, because the prior action was not a final

---

[3] Plaintiff's complaint did not include a cause of action for CFPB regulation as Plaintiff had expressly consented to dismissal of CFPB regulations in Whitt I. Whitt I, ECF No. 23 at 5.

judgement on the merits. *See Nivens v. Gilchrist*, 444 F.3d 237, 250 n.9 (2006) (noting that "[a] Younger dismissal is plainly not a merits-based judgment"). Therefore, Plaintiff's assertion that the court overlooked the *res judicata* implications of Whitt I is without merit.

With respect to Plaintiff's second argument, the court finds that in light of *Quackenbush v. Allstate Insurance Company*, 517 U.S. 706 (1996), and the overwhelming authority that federal courts must stay an action for damages based on abstention principles, the court did not abuse its discretion in subsequently staying the present action pending resolution of the state Foreclosure Action. *See Gilbertson v. Battleson*, 381 F.3d 965 (9th Cir. 2004) (holding that a stay rather than dismissal is appropriate when *Younger* principles are applied to an action); *STO Corp. v. Lancaster Homes, Inc.*, 11 F. App'x 182 (4th Cir. 2001) (holding that the district court should have stayed the case based on abstention principles pending the resolution of the state court proceeding rather than dismissing); *West Virginia Citizens Defense League, Inc., v. City of Martinsburg*, 483 F. App'x 838 (4th Cir. 2012) (affirming the district court's decision to stay the case based on abstention principles); *MLC Automotive, LLC v. Town of Southern Pines*, 532 F.3d 269 (4th Cir. 2008) (affirming the district court's *sua sponte* abstention order and staying the case pending conclusion of the zoning issues in state court); *Clowdis v. Silverman*, 666 F. App'x 267 (4th Cir. 2016) (holding that *Younger* abstention was warranted with regard to physician's claims for declaratory and injunctive relief and the physician was entitled to stay, rather than dismissal, of his claims for damages). Accordingly, the court finds that because Plaintiff seeks only compensatory damages against Defendants, the proper course of conduct in light of *Quackenbush* is to stay the case pending the outcome of the state Foreclosure Action. Therefore, Plaintiff's argument that dismissal of Whitt I was not improvidently granted is without merit.

Moreover, the court finds that Plaintiff has failed to make a sufficient showing that there has been a change in the controlling law, the introduction of new evidence justifying reconsideration, or that the court committed a clear error of law in its February order. Accordingly, the court must deny Plaintiff's motion for reconsideration.

## IV.   CONCLUSION

The court hereby DENIES Plaintiff's motion for reconsideration. ECF No. 19. The parties shall submit a status report within six months or at the time the underlying action is resolved, whichever is earlier.

　/s/ Margaret B. Seymour　　
Margaret B. Seymour
Senior United States District Judge

Dated: May 14, 2018
Charleston, South Carolina